**BROWNSTEIN HYATT
FARBER SCHRECK, LLP**
Kirk B. Lenhard (Nevada Bar No. 1437)
100 North City Parkway
Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
klenhard@bhfs.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK LLP**
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

*Attorneys for Glyn Hotz and Proposed
Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE GALECTIN THERAPEUTICS, INC. SECURITIES LITIGATION | No. 3:14-CV-399-RCJ<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GLYN HOTZ FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF COUNSEL** |

Glyn Hotz hereby respectfully moves this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Mr. Hotz as Lead Plaintiff; and (2) approving his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Brownstein Hyatt Farber Schreck, LLP ("Brownstein") as Liaison Counsel for the class.

This Motion is made on the grounds that Mr. Hotz is the "most adequate plaintiff" pursuant to the PSLRA.  In support of this Motion, Mr. Hotz submits herewith a Memorandum of Points and Authorities and the Declaration of Kirk B. Lenhard in Support of the Motion of Glyn Hotz for Appointment as Lead Plaintiff and Approval of His Selection of Counsel (the "Lenhard Decl.").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

Presently pending in this District is a consolidated securities class action lawsuit (the "Consolidated Action") brought on behalf of all persons who purchased or otherwise acquired Galectin Therapeutics, Inc. ("Galectin" or the "Company") securities between January 6, 2014 and July 28, 2014, inclusive (the "Class Period").  The Consolidated Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Galectin and certain of its executive officers (collectively, "Defendants").

The PSLRA allows any member or members of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must determine which movant has the "largest financial interest in the relief sought by the class," and ensure that the movant also makes a *prima facie* showing of typicality and adequacy under Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30 (reciting standard for appointing lead plaintiff).

Here, Mr. Hotz should be appointed as Lead Plaintiff because, to the best of his knowledge, his loss of $189,880 on a last-in, first-out ("LIFO") basis in connection with his Class Period transactions in Galectin securities represents the largest known financial interest in the relief sought by the class. *See* Lenhard Decl., Exs. A & B.

In addition to asserting the largest financial interest, Mr. Hotz readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because Mr. Hotz will fairly and adequately represent all members of the class.

Finally, Mr. Hotz has selected Kessler Topaz as Lead Counsel. Kessler Topaz is a nationally recognized securities class action firm that has recovered billions of dollars in damages for injured shareholders. *See* § III.B, *infra*. Brownstein's expertise litigating matters before courts in this District will also benefit the class. Thus, Kessler Topaz is highly qualified to prosecute this case and should be approved as Lead Counsel for the class, and Brownstein should be approved as Liaison Counsel for the class. *See In re Cohen*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel[.]").

## II.   FACTUAL BACKGROUND

Galectin, a Nevada corporation headquartered in Norcross, Georgia, develops drugs designed to treat liver fibrosis and cancer. The Company's lead product candidate, GR-MD-02, is a liver fibrosis and metastatic melanoma treatment that is currently in Phase 1 clinical trials.

The Consolidated Action alleges that throughout the Class Period, Defendants made false and misleading statements, and failed to disclose material adverse facts about the Company's business and operations. Specifically, Defendants overstated the success of GR-MD-02 in its Phase 1 clinical trials, and secretly hired stock promoters to tout the Company's products with misleading statements.

On July 28, 2014, investment analyst firm Bleecker Street Research published a report in *Seeking Alpha* revealing that Galectin had been paying stock promoters to tout the Company's stock to retail investors and retirees. A separate report published by *TheStreet* stated that the stock promoters had misleadingly compared Galectin to another company with products much further

1  along in development. On this news, the price of Company shares declined $0.78 per share, or
2  more than 5% over a single trading day, from a close of $15.32 per share on July 25, 2014, to close
3  at $14.54 per share on July 28, 2014.

4  Then, on July 29, 2014, the Company released the results from the second cohort of its
5  Phase 1 study of GR-MD-02. Although the Company reported that the results were a success
6  because patients exhibited no serious side effects, an analyst from *TheStreet* noted that the drug was
7  also shown to be no more effective than the placebo. On this news, the price of Galectin shares fell
8  $9.84 per share, or nearly 68%, from a close of $14.54 per share on July 28, 2014, to close at $5.70
9  per share on July 29, 2014.

10  **III.  ARGUMENT**

11  **A. Mr. Hotz Satisfies the PSLRA's Requirements and Should Be Appointed Lead
12  Plaintiff**

13  The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit
14  asserting claims under the federal securities laws. *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also*
15  *Cavanaugh*, 306 F.3d at 729-32 (describing the process for identifying the lead plaintiff pursuant to
16  the PSLRA).

17  First, a plaintiff who files the initial action must publish a notice to the class within twenty
18  days of filing the action informing class members of: (i) the pendency of the action;
19  (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court
20  to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id*. § 78u-
21  4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class
22  may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a
23  complaint in the action. *See id*. § 78u-4(a)(3)(A)-(B).

24  Second, the PSLRA provides that within ninety days after publication of the notice, the
25  court shall consider any motion made by a class member and shall appoint as lead plaintiff the
26  member of the class that the court determines to be most capable of adequately representing the
27  interests of the rest of the class. *See id*. § 78u-4(a)(3)(B). In determining the "most adequate

plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the person that:

>  (aa) has either filed the complaint or made a motion in response to a notice
>
>  . . . ;
>
>  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. § 78u-4(a)(3)(B)(iii).

### i. Mr. Hotz Has Timely Moved for Appointment as Lead Plaintiff

Here, the first complaint initiating this Consolidated Action was filed on July 30, 2014, and the relevant notice was published that day in *Business Wire*. *See* Lenhard Decl., Ex. C. Thus, September 29, 2014 is the deadline for class members to seek appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B). As such, Mr. Hotz timely moved this Court for appointment as Lead Plaintiff on behalf of all members of the class.

### ii. Mr. Hotz Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. *See id*. § 78u-4(a)(3)(B)(iii). Here, Mr. Hotz suffered a loss of $189,880 on a LIFO basis in connection with his Class Period transactions in Galectin securities. *See* Lenhard Decl., Exs. A & B. In addition to having substantial losses, Mr. Hotz has a significant financial interest under each of the other factors frequently used by courts to assess financial interest under the PSLRA as he purchased 16,000 shares during the Class Period at a cost of $286,400, and retained those shares through the end of the Class Period. *See In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 445 (S.D.N.Y. 2013) (applying four financial interest factors as set forth in *Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): "(1) the number

1   of shares purchased during the class period; (2) the number of net shares purchased during the class
2   period; (3) the total net funds expended during the class period; and (4) the approximate losses
3   suffered during the class period"). To the best of Mr. Hotz's knowledge, there are no other
4   applicants seeking lead plaintiff appointment asserting a larger financial interest in the outcome of
5   the litigation.

### iii.  Mr. Hotz Satisfies the Requirements of Rule 23

7   In addition to possessing the largest financial interest in the relief sought by the class, the
8   lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of
9   Civil Procedure" in order to trigger the "most adequate plaintiff" presumption established by the
10  PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

11  Rule 23(a) provides that a party may serve as a class representative if the following four
12  requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable;
13  (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the
14  representative parties are typical of the claims or defenses of the class; and (iv) the representative
15  parties will fairly and adequately protect the interests of the class. However, at the lead plaintiff
16  stage, movants only are required to make a *prima facie* showing under Rule 23 that their claims are
17  typical of those of the class and that their representation would be adequate for absent class
18  members. *See Cavanaugh*, 306 F.3d at 730 (noting that a lead plaintiff must satisfy Rule 23's
19  typicality and adequacy requirements).

### 1.  Mr. Hotz's Claims Are Typical the Class's

21  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of
22  absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150
23  F.3d 1011, 1020 (9th Cir. 1998) (citation omitted). The typicality requirement is satisfied here
24  because Mr. Hotz seeks the same relief and advances the same legal theories as other class
25  members, and is not subject to any unique or special defenses. Like all members of the class, Mr.
26  Hotz seeks to recover losses resulting from defendants' misrepresentations and omissions. These
27  common claims, which are based on identical legal theories and arise from the same events and

course of conduct as the claims of the other class members, satisfy Rule 23(a)(3)'s typicality requirement. *See City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *4 (N.D. Cal. Feb. 7, 2005) ("[T]he typicality requirement is satisfied when the named plaintiffs: (1) suffer the same injuries as the absent class members; (2) as a result of the same course of conduct by the defendants; and (3) their claims are based on the same legal issues."). Accordingly, Mr. Hotz satisfies Rule 23's typicality requirement.

### 2. Mr. Hotz Would Fairly and Adequately Represent the Class

Movants meet Rule 23's adequacy requirement if they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Whether a party can fairly and adequately protect the interests of the class depends on the following considerations: (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the proposed representative and other members of the proposed class; (c) shared interests between the representative and other members of the proposed class; and (d) the unlikelihood that the suit is collusive." *AXT*, 2005 WL 318813, at *4.

Mr. Hotz is an adequate representative for the class. Mr. Hotz has retained qualified counsel experienced in vigorously and efficiently prosecuting securities class actions. *See* § III.B, *infra*. Additionally, as evidenced by his substantial financial harm from his Class Period purchases of Galectin securities due to defendants' misrepresentations and omissions, Mr. Hotz's interests are clearly aligned with the members of the class, and no antagonism exists between Mr. Hotz's interests and those of the absent class members. Accordingly, Mr. Hotz satisfies Rule 23's adequacy requirement.

### B. Mr. Hotz's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen*, 586 F.3d at 712. Here, Mr. Hotz has selected and retained Kessler to serve as Lead Counsel for the class and Brownstein to serve as Liaison Counsel for the class.

1    Kessler Topaz specializes in prosecuting complex class action litigation and is one of the
2 leading law firms in its field. *See* Lenhard Decl., Ex. D.  Kessler Topaz has successfully prosecuted
3 numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco*
4 *International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H.) ($3.2 billion recovery); *In re*
5 *Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act*
6 *(ERISA) Litig.*, No. 09-MDL-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia*
7 *Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million
8 recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK)
9 (S.D.N.Y.) ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or co-
10 lead counsel in several high profile securities class actions throughout the country, including in this
11 District: *In re MGM Mirage Securities Litigation*, No. 2:09-cv-01558-GMN-VCF (D. Nev.); *In re*
12 *JPMorgan Chase & Co. Securities Litigation*, No. 12-3852-GBD (S.D.N.Y.); and *In re HP*
13 *Securities Litigation*, No. 12-cv-5980-CRB (N.D. Cal.).

14    Kessler Topaz's commitment to zealous representation is further evident from its success in
15 obtaining the largest damage award in Delaware Chancery Court history.  *See In re S. Peru Copper*
16 *Corp. Derivative Litig.*, No. 961-CS (Del. Ch.) ($1.3 billion judgment).  The *Southern Peru Copper*
17 litigation required depositions that were taken in Mexico and Peru and involved a two week trial.
18 After trial, defendants appealed to the Delaware Supreme Court, where Kessler Topaz successfully
19 argued that the Chancery Court's judgment should be affirmed in its entirety.  *See Americas Mining*
20 *Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of
21 $2.1 billion).

22    Additionally, Brownstein has substantial experience litigating complex actions and is well
23 qualified to represent the class as Liaison Counsel.  *See* Lenhard Decl., Ex. E.

24    Thus, the Court may be assured that, in the event this Motion is granted, the class will
25 receive the highest caliber of legal representation available.  Accordingly, Mr. Hotz's selection of
26 counsel should be approved.

27

## IV. CONCLUSION

For the foregoing reasons, Mr. Hotz respectfully requests that the Court: (1) appoint Mr. Hotz as Lead Plaintiff; and (2) approve Mr. Hotz's selection of Kessler Topaz as Lead Counsel for the class and Brownstein as Liaison Counsel for the class.

DATED: September 29, 2014    Respectfully submitted,

**BROWNSTEIN HYATT
FARBER SCHRECK, LLP**

*/s/ Kirk B. Lenhard*
Kirk B. Lenhard (Nevada Bar No. 1437)
100 North City Parkway
Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
klenhard@bhfs.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

*Attorneys for Glyn Hotz and Proposed
Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send e-mail notification of such filing to all registered parties. I further certify that I caused to be mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2014.

/s/ Kirk B. Lenhard
Kirk B. Lenhard (Nevada Bar No. 1437)

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway
Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
klenhard@bhfs.com