Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
Cooksey, Toolen, Gage, Duffy & Woog, P.C.
3930 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
T: 702-949-3100
ghayes@cookseylaw.com
amuehlbauer@cookseylaw.com

Proposed Liaison Counsel

[additional counsel appear on signature page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE: GALECTIN THERAPEUTICS, INC. SECURITIES LITIGATION | Case No: 3:14-cv-00399-RCJ-WGC <br><br> <u>CLASS ACTION</u> |

**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF CHOICE OF COUNSEL**

Deannamarie B. Fonseca, Jose Garcia, Jr., and Jesus Garcia Gombau ("Movants"), individually and on behalf of all others similarly situated will, and do, move this Court for an order granting Movants' Motion: (1) for appointment as Lead Plaintiffs of the Class; and (2) for approval of Movants' selection of Bronstein, Gewirtz & Grossman, LLC, P.A. as lead counsel for the Class and Cooksey, Toolen, Gage, Duffy & Woog, P.C. as liaison counsel for the Class.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Federal Rule of Civil Procedure 42, on the

grounds (1) that Movants should be appointed Lead Plaintiffs for the class of all purchasers of the securities of Galectin Therapeutics, Inc., ("Galectin" or the "Company") during the period between January 6, 2014 and July 28, 2014, inclusive (the "Class Period") as Movants have timely made the Motion and are the "most adequate plaintiffs"; (2) that Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this Motion in that the Movants' claims are typical of the other class members' claims and Movants will fairly and adequately represent the class; and (3) that Movants' selection of Bronstein, Gewirtz & Grossman, LLC as lead counsel and Cooksey, Toolen, Gage, Duffy & Woog, P.C. as liaison counsel should be approved as each firm is well qualified and has extensive experience in cases of this type.

In support of this Motion, Movants file herewith the following memorandum of points and authorities, the Declaration of Andrew R. Muehlbauer, and a proposed order.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     INTRODUCTION

Movants respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) appointing Movants as Lead Plaintiffs for the class of all purchasers of common stock of Galectin Therapeutics, Inc. ("Galectin" or the "Company") during the period between January 6, 2014 and July 28, 2014 inclusive (the "Class Period"); and

(b) approving Movants' selection of Bronstein, Gewirtz & Grossman, LLC as Lead Counsel and Cooksey, Toolen, Gage, Duffy & Woog, P.C. as Liaison Counsel for the class.

### II.    BACKGROUND

Defendant Galectin Therapeutics, Inc. is a development stage company engaged in the research and development of therapies for fibrotic disease and cancer. The Company's lead product candidates include GR-MD-02, a complex polysaccharide polymer for the treatment of liver fibrosis and fatty liver disease (non-alcoholic steatohepatitis or "NASH").

Throughout the Class Period, Defendants violated the federal securities laws by disseminating false and misleading statements to the investing public. As a result of Defendants'

1 false statements, Galectin's stock traded at artificially inflated prices reaching a high of $18.30 per
2 share on February 27, 2014.

3 On July 28, 2014, Adam Feuerstein published an article on *TheStreet.com* revealing that
4 Emerging Growth Corp., through its parent company TDM Financial, a penny-stock promotions
5 firm, was the investor relations and marketing company Galectin was paying for misleading
6 promotional campaigns to entice investors to buy its stock.

7 On this news, Galectin's stock plummeted $8.84 per share to close at $5.70 per share on July
8 29, 2014, a one-day decline of nearly 61% on volume of nearly 7.7 million shares. As a result of
9 Defendants' false statements, Galectin securities traded at artificially inflated levels during the Class
10 Period. However, after the above revelations seeped into the market, the Company's securities were
11 hammered by massive sales, sending the Company's stock price down nearly 69% from its Class
12 Period high.

## ARGUMENT

### III. THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

15 The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought
16 under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any
17 motion to serve as Lead Plaintiff filed by class members in response to a published notice of class
18 action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the
19 Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

20 The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve
21 as Lead Plaintiff is the "person or group of persons" that:

22 (aa) has either filed the complaint or made a motion in response to a notice . . .;
23 (bb) in the determination of the Court, has the largest financial interest in the relief sought by
24     the class; and
25 (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
26 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at * 2 (N.D. Cal.
27 Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

28 As set forth below, Movants satisfy the above criteria and are the most adequate plaintiffs

3

and should be appointed as Lead Plaintiffs.

### A. **Movants Are Willing to Serve as Class Representatives**

Movants made a timely motion in response to a PSLRA early notice. *See* Declaration of Andrew R. Muehlbauer filed herewith ("Muehlbauer Decl"), Ex. 1. Additionally, as set forth in the PSLRA certification of Movants filed concurrently herewith, Movants have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the class. *See* Muehlbauer Decl. Ex. 2. Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the class.

### B. **Movants Have The Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases). The financial interests of Movants are set forth below. Movants lost in the aggregate approximately $90,000. *See* Muehlbauer Decl., Ex. 3.

### C. **Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)  the class is so numerous that joinder of all members is impracticable,

(2)  there are questions of law or fact common to the class,

(3)  the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

4

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Movants fulfill all of the pertinent requirements of Rule 23. Movants and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about its business, causing the Class to purchase publicly traded securities of Galectin stock at inflated prices, so that the Class members were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movants and other class members, as well as Movants' desire to prosecute this action on behalf of the class, provide ample reason to appoint Movants as Lead Plaintiffs.

**D.  Movants Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

5

Movants' ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movants are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the class. Accordingly, the Court should appoint Movants as Lead Plaintiffs for the class.

### IV. MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Bronstein, Gewirtz & Grossman, LLC, as Lead Counsel and the Cooksey, Toolen, Gage, Duffy & Woog, P.C. as Liaison Counsel. Bronstein, Gewirtz & Grossman is experienced in the area of securities litigation and class actions, and both firms have successfully prosecuted complex actions. *See* Muehlbauer Decl., Exs. 4 -5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the Class will receive the best legal representation available.

### V. CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order: (a) appointing Movants as Lead Plaintiffs for the Class; (b) approving Bronstein, Gewirtz & Grossman, LLC as Lead Counsel and the Cooksey, Toolen, Gage, Duffy & Woog, P.C. as Liaison Counsel; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: September 29, 2014               Respectfully submitted,

/s/ *Andrew R. Muehlbauer*
Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
Cooksey, Toolen, Gage, Duffy & Woog, P.C.
3930 Howard Hughes Parkway, Suite 200

6

Las Vegas, NV 89169
T: 702-949-3100
amuehlbauer@cookseylaw.com
[Proposed] Liaison Counsel for Plaintiffs and Class

Peretz Bronstein, Esq.
Shimon Yiftach, Esq.
Bronstein, Gewirtz & Grossman, LLC
60 East 42nd Street, Suite 4600
New York, NY 10165
T: 212-697-6484
peretz@bgandg.com
shimony@bgandg.com
[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29th, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

        /s/ *Andrew R. Muehlbauer*
Griffith H. Hayes, Esq.
Nevada Bar No. 7374
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
Cooksey, Toolen, Gage, Duffy & Woog, P.C.
3930 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
T: 702-949-3100
amuehlbauer@cookseylaw.com