THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA (Nevada Bar No. 0837)
DAVID C. O'MARA (Nevada Bar No. 8599)
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
DEBRA J. WYMAN
BRIAN O. O'MARA (Nevada Bar No. 8214)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re GALECTIN THERAPEUTICS INC. SECURITIES LITIGATION | Consolidated Civil Action No. 3:14-cv-00399-RCJ-WGC |
| This Document Relates To: ALL ACTIONS. | CLASS ACTION<br>THE TUNGS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

Leong J. Tung, individually and jointly with her husband Dr. John Tung (together the "Tungs") hereby move this Court for an order: (1) appointing the Tungs as lead plaintiff in the above-captioned action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approving lead plaintiff's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and The O'Mara Law Firm, P.C. ("O'Mara Law Firm") as liaison counsel for the putative class.

This Motion is made on the grounds that the Tungs are entitled to the presumption that they are the "most adequate plaintiffs" to serve as lead plaintiff under the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B). The Tungs possess the largest financial interest of any member of the putative class of which their counsel is aware. Additionally, they meet the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the class members' claims and because they will fairly and adequately represent the class.

Further, the Tungs have selected and retained the law firm of Robbins Geller, a national law firm with extensive experience in prosecuting securities fraud actions, to serve as lead counsel. The Tungs thus seek approval of the selection of Robbins Geller as lead counsel and the O'Mara Law Firm as liaison counsel, pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

This Motion is based upon the instant motion, the memorandum of points and authorities in support thereof, the declaration of Brian O. O'Mara, the pleadings and other files herein, and such other written or oral arguments as may be permitted by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Presently pending in this District is a consolidated securities class action lawsuit (the "Consolidated Action") brought on behalf of persons who purchased or otherwise acquired the

securities of Galectin Therapeutics Inc. ("Galectin" or the "Company") between January 6, 2014 and July 28, 2014, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act").[1] The Consolidated Action asserts claims against Galectin and certain of its officers and/or directors for violations of §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. §240.10b-5.

The PSLRA directs the court to appoint as lead plaintiff the class member "the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, the Tungs should be appointed lead plaintiff because they: (1) timely filed this motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class of any qualified plaintiff; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Tungs' selection of Robbins Geller as lead counsel and the O'Mara Law Firm as liaison counsel for the putative class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II. SUMMARY OF THE ACTION

Galectin is a development stage company engaged in the research and development of therapies for fibrotic disease and cancer. The Company's lead product candidates include GR-MD-02 to treat non-alcoholic steatohepatitis or NASH, a disease that leads to fatty buildup in the liver and can potentially lead to cirrhosis and/or liver cancer.

---

[1] On August 22, 2014, the Court entered an order consolidating three related actions under the caption *In re Galectin Therapeutics, Inc. Securities Litigation*. Dkt. No. 7. Two additional cases were filed in Philadelphia Municipal Court and have been removed to the United States District Court for the Eastern District of Pennsylvania. *See Seidman v. Galectin Therapeutics, Inc.*, No. 2:14-cv-05269-MSG (E.D. Pa.); *McHenry v. Galectin Therapeutics, Inc.*, No. 2:14-cv-05270-MSG (E.D. Pa.).

Throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public about the Company's business and prospects. As a result of defendants' false statements, Galectin's stock traded at artificially inflated prices during the Class Period, reaching a high of $18.30 per share on February 27, 2014.

On July 24, 2014, Emerging Growth Corp. ("Emerging Growth") disseminated a press release through *Accesswire* stating that Galectin was "nipping at [the] heels" of its competitors and "actually may be closer than what first appears with a Phase 1 trial because of the potential to treat fatty liver disease even once it has progressed." Then, on July 28, 2014, an article on *SeekingAlpha.com* claimed that Galectin had "strong ties to stock promoters" engaging in a misleading brand awareness campaign aimed at boosting its stock price. The same day, a separate article on *TheStreet.com* revealed that Emerging Growth, through its parent company TDM Financial, a penny-stock promotions firm, was the investor relations and marketing company Galectin was paying for misleading promotional campaigns to entice investors to buy its stock. On this news, Galectin's stock fell $8.84 per share to close at $5.70 per share on July 29, 2014, a one-day decline of nearly 61% on volume of nearly 7.7 million shares.

## III. ARGUMENT

### A. The Tungs Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The Tungs meet each of these requirements and should therefore be appointed as Lead Plaintiff.

**1. The Tungs Have Timely Moved for Appointment as Lead Plaintiff**

The July 30, 2014, notice published in the first-filed action advised class members of the action's pendency, the alleged claims, the proposed class period, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by September 29, 2014. *See* Declaration of Brian O. O'Mara in Support of the Tungs' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("O'Mara Decl."), Ex. A. This Motion is therefore timely filed and the Tungs are entitled to be considered for appointment as lead plaintiff.

**2. The Tungs Possess the Largest Financial Interest in the Relief Sought by the Class**

During the Class Period, the Tungs suffered losses of over $98,300 in connection with their purchases of Galectin securities. O'Mara Decl., Exs. B-C. Upon information and belief, there are no other putative class members who have sought, or are seeking, appointment as lead plaintiff with a larger financial interest. *See Cavanaugh*, 306 F.3d at 732.

**3. The Tungs Otherwise Satisfy Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are

typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). The test of typicality "'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The Tungs satisfy these requirements.

The Tungs' claims are typical because, like all class members, they purchased Galectin securities at prices artificially inflated by defendants' fraud then suffered damages when the price of these shares declined after the truth was revealed to the market. *See* O'Mara Decl., Exs. B-C. Their claims arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, the Tungs satisfy the typicality requirements of Rule 23(a)(3).

The Tungs are also adequate. Their substantial financial interest in the outcome of the action demonstrates that the Tungs' interests are perfectly aligned with those of the putative class. *See* O'Mara Decl., Exs. B-C. In addition, the Tungs have certified that they are familiar with the responsibilities and duties of serving as lead plaintiff under the PSRLA, and that they will work zealously for the benefit of all class members in prosecuting the action. *See* O'Mara Decl., Ex. B. And, as explained below, the Tungs' proposed counsel is highly qualified, experienced and will conduct this complex litigation in a professional manner.

Thus, the Tungs *prima facie* satisfy the typicality and adequacy requirements of Rule 23.

**B. The Tungs' Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703 (9th Cir. 2009).

Here, the Tungs have selected Robbins Geller to serve as lead counsel and the O'Mara Law Firm to serve as liaison counsel, subject to this Court's approval. With 200 lawyers in offices nationwide, Robbins Geller possesses substantial resources and experience prosecuting complex securities litigation. District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases. *See, e.g.*, *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); O'Mara Decl. Ex. D.

Thus, the Court can be assured that by approving the Tungs' choice of Robbins Geller as lead counsel and the O'Mara Law Firm as liaison counsel, the class will receive the highest caliber of representation.

**IV. CONCLUSION**

The Tungs have timely filed this Motion seeking appointment as lead plaintiff, possess the largest financial interest in this litigation of any qualified plaintiff of which their counsel is aware, and will fairly and adequately represent the interests of the putative class. Moreover, the Tungs have

retained counsel with the resources and experience necessary to adequately represent the interests of all class members. For these reasons, the Tungs respectfully request that this Court appoint them as Lead Plaintiff and approve their selection of counsel.

DATED: September 29, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DEBRA J. WYMAN
BRIAN O. O'MARA

s/ Brian O. O'Mara

BRIAN O. O'MARA

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

THE O'MARA LAW FIRM, P.C.
WILLIAM M. O'MARA
DAVID C. O'MARA
311 East Liberty Street
Reno, NV 89501
Telephone: 775/323-1321
775/323-4082 (fax)

[Proposed] Liaison Counsel

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 29, 2014.

s/ BRIAN O. O'MARA
BRIAN O. O'MARA

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:bomara@rgrdlaw.com

# Mailing Information for a Case 3:14-cv-00399-RCJ-WGC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John P. Aldrich**
  jaldrich@johnaldrichlawfirm.com,traci@johnaldrichlawfirm.com,eleanor@johnaldrichlawfirm.com,sorme@johnaldrichlawfirm.com
- **Jeffrey J. Ciarlanto**
  jjc@weiserlawfirm.com
- **Curtis B. Coulter**
  ccoulter@coulterlaw.net,irene@coulterlaw.net
- **Nathan Hamler**
  nathanh@johnsonandweaver.com
- **Frank J. Johnson**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com,nathanh@johnsonandweaver.com,shawnf@johnsonandweaver.com,michaelf@johnsonandweaver.com
- **Patrick R. Leverty**
  pat@levertylaw.com,staff@levertylaw.com,patleverty@gmail.com
- **Andrew R. Muehlbauer**
  amuehlbauer@cookseylaw.com,ddillon@cookseylaw.com,hrainey@cookseylaw.com
- **William M. O'Mara**
  bill@omaralaw.net,val@omaralaw.net,david@omaralaw.net
- **David C OMara**
  david@omaralaw.net,val@omaralaw.net,bill@omaralaw.net
- **Robert V. Prongay**
  rprongay@glancylaw.com
- **Robert A Riether**
  rriether@cookseylaw.com
- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com
- **Brett D. Stecker**
  bds@weiserlawfirm.com
- **David C. Walton**
  davew@rgrdlaw.com
- **Robert B. Weiser**
  rw@weiserlawfirm.com
- **Jason D Woodbury**
  jwoodbury@kcnvlaw.com,jbarnhurst@kcnvlaw.com,landerson@kcnvlaw.com,bhildebrand@kcnvlaw.com
- **Debra Wyman**
  debraw@rgrdlaw.com,lisamp@rgrdlaw.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)