Keegan Low, Esq. (Resident Counsel)
Nevada State Bar #307
Barry L. Breslow, Esq. (Resident Counsel)
Nevada State Bar #3023
ROBISON, BELAUSTEGUI, SHARP and LOW
71 Washington Street
Reno, NV  89503
Telephone: (775) 329-3150
Facsimile:  (775) 329-7941
klow@rbsllaw.com
bbreslow@rbsllaw.com

*Proposed Liaison Counsel*

Reed R. Kathrein (to be admitted *pro hac vice*)
Peter E. Borkon (to be admitted *pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

*Proposed Lead Counsel*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IN RE GALECTIN THERAPEUTICS, INC. SECURITIES LITIGATION | Consolidated Civil Action No.: 3:14-CV-399-RCJ-(WGC) |
| This Document Relates to:  ALL ACTIONS | |

**MOTION TO APPOINT ROBERT BURKE AND FREDERICK BROWN AS LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD AND LIAISON COUNSEL**

010468-11 721114V1

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that class members Robert Burke and Frederick "Rick" Brown ("Movants" or "Brooke/Brown") by their counsel, will and hereby do respectfully move this Court for an order:  (1) appointing Movants as Lead Plaintiff for the class pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §78u-4(a)(3)(B)); and (2) approving their selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Robison, Belaustegui, Sharp and Low ("RBSL") as Liaison Counsel.

This motion is based upon this motion, the supporting memorandum of points and authorities, the declaration of Peter E. Borkon in support thereof, the pleadings and records in each of these actions and such other written or oral argument as may be presented to the Court.

WHEREFORE, Movants respectfully request that the Court: (1) appoint Movants as the Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (2) approve their selection of Lead and Liaison Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     PRELIMINARY STATEMENT

These consolidated cases are on behalf of all persons who purchased the publicly traded securities of defendant Galectin Therapeutics, Inc. ("Galectin" or the "Company") between January 6, 2014 and July 28, 2014 (the "Class Period").[1]  The complaint alleges violations of sections 10(b) and 20(a) of the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995

---

[1] On August 21, 2014, the Court signed an Order consolidating three related federal securities class actions under the caption noted above.  *See* ECF No. 7.

("PSRLA"), 15 U.S.C. §§ 78j(b) and 78 (t)), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, Movants should be selected as lead plaintiff because, to the best of their knowledge, they have the largest financial interest in the relief sought by the class.[2]  In addition, Burke/Brown satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical and they will fairly and adequately represent the class' interests.[3] In accordance with the PSLRA, Burke/Brown's selection of Lead and Liaison Counsel should be approved.[4]

## II.     BACKGROUND

The complaint charges Galectin and certain of its officers and directors with violations of the Securities Exchange Act of 1934. Galectin is a development stage company engaged in the research and development of therapies for fibrotic disease and cancer.  The Company's lead product candidates include GR-MD-02 to treat non-alcoholic steatohepatitis or NASH, a disease that leads to fatty buildup in the liver and can potentially lead to cirrhosis and/or liver cancer.

The complaint alleges that throughout the Class Period, defendants violated the federal securities laws by disseminating false and misleading statements to the investing public about the Company's business and prospects.  As a result of defendants' false statements, Galectin's stock traded at artificially inflated prices during the Class Period, reaching a high of $18.30 per share on February 27, 2014.  On July 24, 2014, Emerging Growth Corp. ("Emerging Growth") disseminated a press release through Accesswire stating that Galectin was "nipping at [the] heels" of its competitors and "actually may be closer than what first appears with a Phase 1 trial because of the

---

[2] *See* Declaration of Peter E. Borkon in Support of Burke/Brown's Motion to Appoint Lead Plaintiff and Approve Selection of Lead and Liaison Counsel ("Borkon Decl."), filed concurrently herewith; *see In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Stocke v. Shuffle Master, Inc.*, No. 07-CV-00715, 2007 U.S. Dist. LEXIS 91535, at *5-*6 (D. Nev. Nov. 30, 2007) (appointing investor with the largest financial interest).

[3] *See Shuffle Master*, 2007 U.S. Dist. LEXIS 91535, at *6-*9.

[4] *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

potential to treat fatty liver disease even once it has progressed." Then, on July 28, 2014, an article on SeekingAlpha.com claimed that Galectin had "strong ties to stock promoters" engaging in a misleading brand awareness campaign aimed at boosting its stock price. The same day, a separate article on TheStreet.com revealed that Emerging Growth, through its parent company TDM Financial, a penny-stock promotions firm, was the investor relations and marketing company Galectin was paying for misleading promotional campaigns to entice investors to buy its stock. On this news, Galectin's stock fell $8.84 per share to close at $5.70 per share on July 29, 2014, a one-day decline of nearly 61% on volume of nearly 7.7 million shares.

### III.   LEGAL ANALYSIS

**A.   The PSLRA's Lead Plaintiff Provisions**

The PSLRA establishes the procedure for appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."[5] *First*, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment of lead plaintiff.[6] Here, in connection with the filing of the first-filed action, notice was published on Business Wire on July 30, 2014.[7] Within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.[8]

*Second*, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the

---

[5]   15 U.S.C. §78u-4(a)(1); *Cavanaugh*, 306 F.3d at 729-30.
[6]   *See* 15 U.S.C. §78u-4(a)(3)(A)(i).
[7]   *See* Borkon Decl., Ex. A.
[8]   *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

class that the court determines to be the most capable of adequately representing the interests of class members.[9]  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or ***group of persons*** that –
>
> (aa) has either filed the complaint ***or made a motion*** in response to a notice . . .;
> (bb) in the determination of the court, has the ***largest financial interest*** in the relief sought by the class; and
> (cc) otherwise ***satisfies the requirements of Rule 23*** of the Federal Rules of Civil Procedure.[10]

The time period in which class members may move to be appointed lead plaintiff in this case expires September 29, 2014.[11]  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Burke/Brown timely moved this Court to be appointed as lead plaintiff on behalf of all members of the class.[12]  In addition, they have selected and retained counsel experienced in the prosecution of securities class actions to represent them and the class.[13]  Accordingly, Burke/Brown satisfy the PSLRA's filing requirements and are entitled to have their application for appointment as lead plaintiff considered by the Court.

**B.    The Burke/Brown Group Is the "Most Adequate Plaintiff"**

   **1.    Burke/Brown Have the Largest Financial Interest in the Relief Sought by the Class**

Burke/Brown lost approximately $71,888.50 in connection with their Class Period purchases of Galectin common stock.  Burke/Brown purchased 8,000 shares of Galectin common

---

[9] *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

[10] 15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added); *Cavanaugh*, 306 F.3d at 729-30.

[11] *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

[12] *See Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 08-cv-7821, 2008 U.S. Dist. LEXIS 95506, at *2 (S.D.N.Y. Nov. 24, 2008).

[13] *See* Borkon Decl., Exs. B and C.

stock at a cost of $116,820.10.  To the best of their knowledge, this represents the largest known financial interest in the relief sought by the Class.[14]

### 2. Burke/Brown Satisfy Rule 23

In addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."[15] While the PSLRA requires that a lead plaintiff meet the requirements of Rule 23(a) at this stage of the litigation, only a preliminary showing is required with respect to typicality and adequacy.[16] Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until lead plaintiff moves for class certification.[17]

#### a. Burke/Brown are Typical

Under Rule 23(a), the claims or defenses of the representative party must be typical of those of the class.  The typicality requirement is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory.[18]  However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.[19]

---

[14] *See Cavanaugh*, 306 F.3d at 730-32; *Shuffle Master*, 2007 U.S. Dist. LEXIS 91535, at *5-*6.

[15] 15 U.S.C.§78u-4(a)(3)(B)(iii)(I)(cc).

[16] *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 06-CV-2674, 2007 U.S. Dist. LEXIS 67354, at *16-*20 (D. Ariz. Sept. 11, 2007).

[17] *See Shuffle Master*, 2007 U.S. Dist. LEXIS 91535, at *7 (citing *Cavanaugh*, 306 F.3d at 730 n.5).

[18] *See Crossen v. CV Therapeutics*, No. C 03-03709, 2005 U.S. Dist. LEXIS 41396, at *14 (N.D. Cal. Aug. 10, 2005).

[19] *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Burke/Brown are typical because, just like all other class members, they: (1) purchased or acquired Galectin securities during the Class Period; (2) purchased Galectin securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby.[20] Thus, Burke/Brown's claims are typical of those of other class members because their claims and the claims of other class members arise out of the same course of events.[21]

### b. Burke/Brown are Adequate

Under Rule 23(a), the representative party must "fairly and adequately protect the interests of the class." To determine adequacy, the Court must evaluate: "(1) whether the interests of the class representatives coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously."[22] Here, Burke/Brown are adequate to represent the class. Their interests are aligned with the interests of the class because both suffered from artificial inflation of the price of Galectin securities and would benefit from the same relief. Additionally, there is no evidence of antagonism between Burke/Brown and the class and they have certified their willingness to serve as a class representative.

Burke/Brown have suffered substantial losses as a result of their Class Period purchases of Galectin stock. They are committed to vigorously prosecuting this litigation and maximizing the recovery for the class.[23] Prior to filing this motion, Burke/ Brown conferred with one another, both

---

[20] *See id.*

[21] *See* 7 Herbert Newberg & Alba Conte, Newberg on Class Actions §22.24, at 107-108 (4th ed. 2002) ("[t]he majority of class actions decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met").

[22] *Shuffle Master*, 2007 U.S. Dist. LEXIS 91535, at *8-*9.

[23] *See* Borkon Decl., Exs. D and E.

with and outside the presence of chosen counsel and decided to seek appointment as lead plaintiff jointly. Burke/Brown have a long standing relationship that predates their investment and their decision to move for lead plaintiff. As a small cohesive group of two investors, they understand and are committed to managing this litigation and directing their chosen counsel.[24] The members of the group are aware they can choose counsel and have selected their counsel based upon due diligence. Thus, Burke/Brown satisfy the typicality and adequacy requirements of Rule 23 for purposes of this motion.[25]

**C.  Movants' Choice of Counsel Should be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval.[26] The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."[27] Burke/Brown have selected Hagens Berman as Lead Counsel for the class. Hagens Berman is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.[28]

If this motion is granted, Hagens Berman will provide members of the class with the highest caliber of representation available. In addition, RBSL has ample experience in complex litigation in Nevada and throughout the country.[29] Accordingly, the Court should approve Burke/Brown's selection of Lead Counsel and Liaison Counsel.

---

[24] *Id.*

[25] *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31, 2006 U.S. Dist. LEXIS 40607, at *15-16 (C.D. Cal. May 2, 2006).

[26] *See* 15 U.S.C. §78u-4(a)(3)(b)(v).

[27] 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734.

[28] *See* Borkon Decl., Ex. D.

[29] *See* Borkon Decl., Ex. E.

### IV.   CONCLUSION

For the foregoing reasons, Burke/Brown respectfully requests that the Court: (1) appoint Burke/Brown as Lead Plaintiff; and (2) approve Burke/Brown's selection of Hagens Berman as Lead Counsel and RBSL as Liaison Counsel.

DATED:  September 29, 2014                    ROBISON, BELAUSTEGUI, SHARP AND LOW

By   /s/ Keegan Low
          Keegan Low

Barry L. Breslow, Esq. (Nevada State Bar No. 3023)
71 Washington Street
Reno, NV  89503
Telephone: (775) 329-3150
Facsimile:  (775) 329-7941
klow@rbsllaw.com
bbreslow@rbsllaw.com

*Proposed Liaison Counsel*

Reed R. Kathrein (to be admitted *pro hac vice)*
Peter E. Borkon (to be admitted *pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (to be admitted *pro hac vice)*
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2014, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

                /s/ Keegan Low
                KEEGAN LOW